(Nos. 3624, 3625 and 3628, Consolidated—

JOHN M. DOLE, No. 3624, VIRGIL J. GUIMOND, No. 3625 AND GEORGE W. JOHNSON, No. 3628, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

SHAPIRO & LAURIDSEN, for claimants.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

ECKERT, J.

During the month of August, 1939, the Consolidated Construction Company and the Permanent Construction Company were engaged in certain construction work at the Manteno State Hospital, a public institution owned and operated by the State of Illinois. Claimant, George W. Johnson, was then in the employ of the Permanent Construction Company, and claimants, John M. Dole and Virgil J. Guimond, were in the employ of the Consolidated Construction Company. The complaints allege that while so employed and working at the Manteno State Hospital, claimants drank water furnished and supplied for drinking purposes from the wells of the hospital; that the water was contaminated and impure, and contained disease germs and typhoid baccilli; that as a result of drinking this water they became ill with

typhoid fever, were unable to work for a long period of time, and incurred doctor, hospital, and nursing bills; that as a result of the illness they suffered permanent impairment of their health. Each of the claimants asks damages in the amount of $5,000.00, and in addition, an award for medical services and supplies in the following amounts: John M. Dole, $250.00, Virgil J. Guimond, $800.00, and George W. Johnson, $200.00. The claims are before the court on respondent's motion to dismiss.

None of the claimants was an employee of the State; they were all employees of independent contractors, so that they do not come within the provision of the Workmen's Compensation Act. The complaints contain no allegation of any contractual relationship between claimants and respondent, contain no allegation of any applicable statutory or constitutional provision, and contain no allegation of any legal or equitable duty or obligation. They contain no allegation of any breach of duty, and they are insufficient to state a cause of action in tort.

Furthermore, the State, in the maintenance of the Manteno State Hospital, is engaged in a governmental function, and when so engaged is not liable for the negligence of its officers, servants, or agents. The doctrine of *respondeat superior* does not apply. *Hardware Mutual Casualty Company* vs. *State of Illinois,* 11 C. C. R. 300.

Awards can be made by this court only in those cases where claimants would be entitled to redress against the State either at law or in equity, if the State were suable. Unless a claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience. *Crabtree* vs. *State,* 7 C. C. R. 207; *Garbutt* vs. *State,* 10 C. C. R. 37.

Respondent's motion to dismiss is therefore sustained, and claimants are given thirty days in which to amend their complaints; in the event they decline or fail so to amend, this order dismissing the claim shall become final.